**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| SABRINA MARIE FREPPON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-11-0912-HE |
| | ) | |
| CITY OF CHANDLER and | ) | |
| LT. STEVE SIMON, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Sabrina Marie Freppon sued the City of Chandler, her former employer, and Lt. Steve Simon, a city employee, alleging claims for Title VII gender/pregnancy discrimination, retaliation under state and federal law, and tortious interference with a contractual and business relationship. Defendants filed a motion for summary judgment, which the court granted as to plaintiff's federal claims. It declined to exercise supplemental jurisdiction over plaintiff's state law claims. Plaintiff appealed and the Tenth Circuit remanded the case for the court to make written findings as to whether plaintiff administratively exhausted her pregnancy discrimination claim related to her termination from her job as a police officer in March 2011.

Exhaustion of administrative remedies is a jurisdictional prerequisite to suit under Title VII. Shikles v. Sprint/United Management Co.,426 F.3d 1304, 1317 (10th Cir. 2005) ("Unlike many other circuits, we have held that a plaintiff's exhaustion of his or her administrative remedies is a jurisdictional prerequisite to suit under Title VII—not merely a condition precedent to suit."). National Railroad Passenger Corp. v. Morgan, 536 U.S. 101 (2002) "effected fundamental changes to the doctrine allowing administratively unexhausted

claims in Title VII actions." Martinez v. Potter, 347 F.3d 1208, 1210 (10th Cir. 2003). "[T]he rule in Morgan requires a Title VII plaintiff to exhaust administrative remedies for each individual discriminatory or retaliatory act." Id. at 1211. Such discrete acts include "termination, failure to promote, denial of transfer, or refusal to hire." Id. at 1210.

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission on November 12, 2010, alleging she was discriminated against because of her gender and pregnancy and was retaliated against because of her complaints of discrimination. The city manager sent plaintiff a termination letter the following March. Plaintiff did not file another charge of discrimination pertaining to her termination. She therefore did not exhaust that claim. Accordingly, the court lacked jurisdiction to consider plaintiff's wrongful termination claim.

Dated this 23rd day of April, 2013.

JOE HEATON
UNITED STATES DISTRICT JUDGE